IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20–cr-40049-SMY |
| | ) |
| | ) |
| JASON DOMINIK TYLER | ) |
| RODRIGUEZ, | ) |
| | ) |
| Defendant. | |

# ORDER

**YANDLE, District Judge:**

The matter is before the Court on Defendant Jason Dominik Tyler Rodriguez's *pro se* motion for copies (Doc. 103). Rodriguez seeks copies of: the indictment or information; the prosecutor's statement of probable cause; proposed jury instructions; jury instructions given; judgment and sentence with warrant of commitment; police reports; agent reports; forensic phone analysis report by Bill O'Sullivan; other investigative reports; video and audio recordings (including interview reports, crime scene recording or evidence provided by private citizens or businesses); and, the court's appearance docket (*Id.*).

Defendants have no constitutional right to a complimentary copy of any document in their court files. *See United States v. Groce*, 838 F. Supp. 411, 413, 414 (E.D. Wis. 1993). Thus, before providing copies free of charge, a district court may require the requestor to show: (1) that he has exhausted *all* other means of access to his files (*i.e.*, through his trial and appellate counsel); (2) that he is financially unable to secure access to his court files (*i.e.*, through a showing similar to that required in 28 U.S.C. § 1915(a)(2) which includes a certified copy of the prisoner's trust account for the previous six-month period prior to filing); and (3) that the documents requested

are necessary for some specific non-frivolous court action.  *See United States v. Wilkinson*, 618 F.2d 1215, 1218-19 (7th Cir. 1980); *Rush v. United States*, 559 F.2d 455, 459 (7th Cir. 1977).

Although Rodriguez has established that he is financially unable to secure access to his court files, he has not shown that he has exhausted *all* other means of access to his files through his appointed counsel.  Nor has he established that the documents are necessary for a specific court action.[1]  Accordingly, the motion is **DENIED**.

**IT IS SO ORDERED.**

DATED:  November 2, 2023

*[signature]*

**STACI M. YANDLE**
**United States District Judge**

---

[1] Rodriguez's direct appeal was decided on December 15, 2022, and there are no other proceedings pending.  See, No. 22-1575 (7th Cir. 2022) (Doc. 101).