IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 20-cr-40049-SMY |
| | ) | |
| JASON RODRIGUEZ, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Before the Court is Defendant Jason Rodriguez's Motion to Appoint Counsel (Doc. 107). The motion indicates that Defendant intends to file a §2255 motion. A court may appoint counsel to an indigent criminal defendant to pursue relief under 28 U.S.C. §2255; but, since Section 2255 proceedings are independent civil suits, there is no constitutional right to appointment of counsel. *See United States v. Foster*, 706 F.3d 887, 888 (7th Cir. 2013); *see Pruitt v. Mote*, 503 F.3d 647, 657 (7th Cir. 2007).

The decision of whether to appoint counsel rests in the discretion of the district court, unless the denial of counsel would result in fundamental unfairness impinging on the petitioner's due process rights. W*insett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997); *see* 18 U.S.C. § 3006A. The threshold question is whether the litigant has attempted to obtain counsel or has been effectively precluded from doing so. *Pruitt*, 503 F.3d at 654–55. Rodriguez has not made the threshold showing of an attempt to secure counsel without court intervention. Therefore, the interests of justice do not require the unusual step of appointing counsel at this juncture. Petitioner's Motion to Appoint Counsel (Doc. 107) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  November 20, 2023**

**STACI M. YANDLE**
**United States District Judge**