**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 20-cr-40049-SMY** |
| | ) | |
| **JASON RODRIGUEZ,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>ORDER</u>

**YANDLE, District Judge:**

Before the Court are Defendant Jason Rodriguez's *pro se* motions to obtain copies (Docs. 106, 108, 109). Rodriguez requests copies of the following: the indictment or information and the prosecutor's statement of probable cause; jury instructions (both proposed and those considered by the jury); judgment and sentence with warrant of commitment; police reports; agent reports; forensic phone analysis report by Bill O'Sullivan; any other investigative reports; video and audio recording (including interview reports, crime scene recording or evidence provided by private citizens or business); warrants; and, the court appearance docket.

Defendants have no constitutional right to a complimentary copy of any document in their court files. *See United States v. Groce*, 838 F. Supp. 411, 413, 414 (E.D. Wis. 1993). Thus, before providing copies free of charge, a district court may require the requestor to show: (1) that he has exhausted *all* other means of access to his files (*i.e.*, through his trial and appellate counsel); (2) that he is financially unable to secure access to his court files (*i.e.*, through a showing similar to that required in 28 U.S.C. § 1915(a)(2) which includes a certified copy of the prisoner's trust account for the previous six-month period prior to filing); and (3) that the documents requested are necessary for some specific non-frivolous court action. *See United States v. Wilkinson*, 618

F.2d 1215, 1218-19 (7th Cir. 1980); *Rush v. United States*, 559 F.2d 455, 459 (7th Cir. 1977). These minimal requirements do not impose any substantial burden to prisoners who desire their records be sent to them at government expense.

Rodriguez, who has previously been found to be indigent (*see* Doc. 105), asserts that he has made efforts to obtain the requested documents from his trial and appellate counsel.  He further asserts that he needs the requested documents in order to prepare and file a §2255 habeas action. Many of the materials requested by Rodriguez are not contained in the Court's files and therefore, cannot be provided as requested (i.e., proposed jury instructions, police reports, agent reports, forensic phone analysis report by Bill O'Sullivan, investigative report, and video and audio recordings).  Once Rodriguez files his §2255 petition, he may petition the Court for discovery under Rule 6 of the Rules Governing §2255 Procedures.

 There are various other documents requested by Rodriguez that do exist in the Court's docket.  Accordingly, the Court will provide him with the following:

> A Copy of the Court Docket
> Jury Instructions Given (Doc. 72);
> Redacted Indictment (Doc. 20);
> Superseding Indictment (Doc. 44);
> Judgment and Sentence (Doc. 89); and,
> The Arrest Warrant (Doc. 3).

### Conclusion

The motion is **GRANTED IN PART and DENIED IN PART**.  The Clerk of Court is **DIRECTED** to send a copy of the jury instructions (Doc. 72); the redacted indictment (Doc. 20); the superseding indictment (Doc. 44); the judgment and sentence (Doc. 89); the arrest warrant (Doc. 3); and, the docket sheet from case 20-40049-SMY to Defendant at the address on record.

IT IS SO ORDERED.

DATED:  December 13, 2023

STACI M. YANDLE
United States District Judge