IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-CR-40049-SMY |
| | ) |
| JASON DOMINIK TYLER RODRIGUEZ, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Before the Court is Defendant Jason Dominik Tyler Rodriguez's Motion to Appoint Counsel (Doc. 112) and Motion for Discovery and to Appoint Counsel (Doc. 113). For the following reasons, the Motions are **DENIED**.

Rodriguez was found guilty by a jury of attempted enticement of a minor, travel with intent to engage in illicit sexual conduct, attempted aggravated sex abuse with a child under 12, possession of child pornography, and transport of child pornography (Doc. 69). He was sentenced to a total term of 420 months with supervised release for a term of 10 years (Docs. 85, 89). Rodriguez has now filed a Motion to Appoint Counsel (Doc. 112) and Motion for Discovery and to Appoint Counsel (Doc. 113) seeking the appointment of counsel and right to discovery before filing a 28 U.S.C. §2255 motion.

While this Court has discretion to appoint counsel and to permit discovery in actions filed under 28 U.S.C. §2255, such discretion exists only once an actual motion has been filed with the Court. When Congress has authorized the appointment of counsel before a *habeas* motion has

been filed, it has done so in much clearer language. *See* 18 U.S.C. §3599(f); *McFarland v. Scott*, 512 U.S. 849, 855-56 (1994) (statutory right to counsel of habeas petitioner who is under a penalty of death attaches prior the filing of a formal, legally sufficient habeas corpus petition). Since Rodriguez's case does not involve the death penalty, he is neither constitutionally nor statutorily entitled to the appointment of counsel – even after he files his §2255 motion.[1] *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *see also Compton v. United States of America*, 2010 WL 3926862 (S.D. Ill. 2010).

For the foregoing reasons, Rodriguez's Motion to Appoint Counsel (Doc. 112) and Motion for Discovery and to Appoint Counsel (Doc. 113) are **DENIED**.

**IT IS SO ORDERED.**

**DATED:  March 11, 2024**

**STACI M. YANDLE**
**United States District Judge**

---

[1] Rule 8(c) of the Rules Governing Section 2255 Proceedings does allow for appointment of counsel for indigent prisoners if an evidentiary hearing is required. *See* 18 U.S.C. 3006A(a)(2)(B); Fed. R. §2255 Cases 8(c). Additionally, the Court must appoint counsel "[i]f necessary for effective discovery." Fed. R. §2255 Cases 6(a).